IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT J. NAMOHALA, | ) | CIV. NO.  11-00786 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS |
| | ) | STATE OF HAWAII, HAWAII CHILD |
| vs. | ) | PROTECTIVE SERVICES, AND |
| | ) | OFFICE OF CONSUMER |
| STUART MAEDA, RANDALL | ) | PROTECTION, DEPARTMENT OF |
| MEDEIROS, REED MAHUNA, | ) | COMMERCE AND CONSUMER |
| WENDELL CARTER, HARRY | ) | AFFAIRS' MOTION TO DISMISS |
| KUBOJIRI, LISA P. TONG, CITY | ) | COMPLAINT |
| OF HILO, STATE OF HAWAII, | ) | |
| MITSUYA MAEDA, HAWAII | ) | |
| CHILD PROTECTIVE SERVICES, | ) | |
| HAWAII POLICE DEPARTMENT, | ) | |
| OFFICE OF CONSUMER | ) | |
| PROTECTION, DEPARTMENT OF | ) | |
| COMMERCE AND CONSUMER | ) | |
| AFFAIRS, JOHN/JANE DOES 1- | ) | |
| 100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS STATE OF HAWAII, HAWAII
CHILD PROTECTIVE SERVICES, AND OFFICE OF CONSUMER
PROTECTION, DEPARTMENT OF COMMERCE AND CONSUMER
AFFAIRS' MOTION TO DISMISS COMPLAINT**

## I.  INTRODUCTION

On December 27, 2011, Plaintiff Herbert J. Namohala ("Plaintiff"),

proceeding pro se, filed a Complaint asserting that a number of Defendants

violated his First and Fourteenth Amendment rights by engaging in a conspiracy to

wrongfully accuse and ultimately charge Plaintiff with felony second degree theft. Plaintiff asserts these claims against:  Stuart Maeda; Mitsuya Maeda; the Hawaii County Police Department ("HCPD"); HCPD Officers Randall Medeiros, Reed Mahuna, and Wendell Carter; HCPD Chief Harry Kubojiri; Hawaii County;[1] the State of Hawaii; the Office of Consumer Protection, Department of Commerce and Consumer Affairs (the "DCCA"); DCCA employee Lisa P. Tong; and Hawaii Child Protective Services (the "CPS") (collectively, "Defendants").

Currently before the court is the State of Hawaii, the CPS, and the DCCA's ("State Defendants")[2]  Motion to Dismiss in which they argue, among other things, that Plaintiff's claims against them are barred by the Eleventh Amendment.  Plaintiff filed an Opposition on March 19, 2012.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing, and based on the following, the court GRANTS State Defendants' Motion to Dismiss.

///

///

---

[1]  The Complaint also lists the "City of Hilo" as a Defendant.  Because no such legal entity exists and Plaintiff separately lists "Hawaii" as a Defendant, the court construes the Complaint as asserting claims against the County of Hawaii.

[2]   Although the Complaint lists Lisa Tong as an employee of the DCCA, the Motion to Dismiss is brought by the State, the CPS, and the DCCA only.

## II.  **BACKGROUND**

As alleged in the Complaint, on March 5, 2009, Mitsuya Maeda hired Plaintiff to clean the windows and replace window and door screens in her home for $3,900.  Compl. ¶ 12.  Plaintiff had nearly completed the work when Stuart Maeda, Mitsuya Maeda's son, demanded that Plaintiff stop all work and refund Mitsuya Maeda's money.  *Id.* ¶ 13.  After Plaintiff refused, Stuart Maeda threatened that he would file a lawsuit and use his government connections (Stuart Maeda works at CPS) to "make sure that his complaint would 'get out everywhere including the media.'"  *Id.*

On June 22, 2010, Plaintiff was summoned to the Hawaii County police station, where he was interviewed by Officer Carter.  Officer Carter explained that he had enough evidence from Mitsuya and Stuart Maeda to place Plaintiff under arrest for felony second degree theft.  *Id.* ¶ 14.  According to Plaintiff, there was no evidence to charge Plaintiff with a crime and Officer Carter had "every intention to arrest Plaintiff no matter what was said or what documents were provided."  *Id.*  Officers Medeiros and Mahuna were also aware of Plaintiff's arrest and "condoned it even though there was not [sic] facts to support Plaintiff being arrested."  *Id.*  Plaintiff asserts that his arrest, without any factual support, shows a conspiracy between Stuart and Mitsuya Maeda, Officers Carter, Medeiros,

and Mahuna, and the HCPD to deprive Plaintiff of his constitutional rights.  *Id.* ¶ 15.  Plaintiff further asserts that the County of Hawaii, the HCPD, and the State are liable because they permit and condone such conduct of their employees, and failed to train police officers to not arrest individuals on charges they know to be false.  *Id.* ¶¶ 16-17.

As to the DCCA and Lisa Tong, the Complaint asserts that they charged "Plaintiff with not providing a written notice."  *Id.* ¶ 18.  Because this charge was untrue, the Complaint asserts that they violated his rights by "falsely accusing him of a crime and/or violation that Plaintiff never committed."  *Id.*

Finally, the Complaint asserts that as a result of Defendants' various actions, the Tribune Herald released information regarding Plaintiff's arrest, which was "slanderous, malicious and defamatory[,] casting negative aspersions upon Plaintiff by the detectives of the [HCPD]."  *Id.* ¶ 19.

The Complaint seeks "injunctive relief that prohibits each Defendant, their superiors and/or subordinates and/or other employees from retaliating against the Plaintiff for exercising his constitutional rights," as well as compensatory and punitive damages.

///

///

# III.  STANDARDS OF REVIEW

## A.  Rule 12(b)(6):  Failure to State a Claim

Rule 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken

as true must plausibly suggest an entitlement to relief, such that it is not unfair to

require the opposing party to be subjected to the expense of discovery and

continued litigation." *Starr*, 652 F.3d at 1216.  "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555.  Factual allegations that only permit the court to infer "the mere possibility of

misconduct" do not show that the pleader is entitled to relief as required by Rule 8.

*Iqbal*, 129 S. Ct. at 1950.

## B.      Pro se Pleadings

Plaintiff is appearing *pro se*; consequently, this court will liberally

construe his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

("The Supreme Court has instructed the federal courts to liberally construe the

'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam).)).  A court's duty to read a *pro se* litigant's complaint

liberally, however, does not relieve the court of its duty to determine whether the

complaint meets the requirements of Rule 12(b)(6).

///

///

# IV. **ANALYSIS**

State Defendants argue, among other things,[3] that Plaintiff's claims against them are barred by the Eleventh Amendment.  The court agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*, 478 U.S. 265, 275 (1986).  This Eleventh Amendment bar also applies to federal actions brought against state agencies and instrumentalities.  *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  Similarly, a suit for damages against state officials, in their official capacity, constitutes a suit against the state itself and therefore is barred by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).  Although state officials are literally persons, "a suit against a state official is not a suit against the official but rather is a suit against the official's

---

[3]  Because the Eleventh Amendment bars Plaintiff's claims against State Defendants, the court need not reach State Defendants' other arguments for dismissal.

office."  *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

      The Eleventh Amendment does not bar, however, a suit for damages against state officials in their individual capacities because such suit seeks to hold the state officials personally liable.  *Graham*, 473 U.S. at 165-66.  Further, the Eleventh Amendment does not bar a suit to enjoin the unconstitutional actions of a state official (although it does bar claims against the state or state entities seeking injunctive relief).  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies.").

      Applying these principles, Plaintiff's claims against the State are barred by the Eleventh Amendment.  Further, the DCCA and the CPS are state entities such that the Eleventh Amendment bars claims against them as well.  *See, e.g.*, *Robinson v. Tripler Army Med. Ctr.*, 2009 WL 688922, at *2 (9th Cir. Mar. 17, 2009) (holding that the Eleventh Amendment bars claims against Hawaii's CPS); *Hubbart v. State of Hawaii Office of Consumer Protection, Dep't of Commerce & Consumer Affairs*, 2008 WL 373167, at *3 (D. Haw. Feb. 11, 2008) (dismissing claim against the DCCA as barred by the Eleventh Amendment).

Finally, the Eleventh Amendment bars Plaintiff's claims[4] against Lisa Tong in her official capacity seeking damages (yet leaves the claims against her for injunctive relief and damages in her individual capacity).

The court therefore DISMISSES Plaintiff's claims against the State, the CPS and the DCCA in their entirety, and Plaintiff's claims seeking damages against Lisa Tong in her official capacity.  Because leave to amend would be futile, this dismissal is without leave to amend.

## V.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants State of Hawaii, Hawaii Child Protective Services, and Office of Consumer Protection, Department of Commerce and Consumer Affairs' Motion to Dismiss.  Plaintiff's claims against the other Defendants listed in the Complaint remain, except that

///

///

///

///

///

---

[4]  Although the factual basis of Plaintiff's claim(s) against Lisa Tong is not clear, the court need not determine at this time whether Plaintiff has asserted a cognizable damages claim against her in her individual capacity.

9

Plaintiff's claim against Lisa Tong is limited to a damages claim against her in her individual capacity and/or a claim seeking injunctive relief.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 23, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Namohala v. Maeda et a.*, Civ. No. 11-00786 JMS/KSC; Order Granting Defendants State of Hawaii, Hawaii Child Protective Services, and Office of Consumer Protection, Department of Commerce and Consumer Affairs' Motion to Dismiss Complaint