IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT J. NAMOHALA, | ) | CIV. NO. 11-00786 JMS/KSC |
| | ) | |
| Plaintiff, | ) | AMENDED ORDER (1) DENYING |
| | ) | DEFENDANT LISA TONG'S MOTION |
| vs. | ) | TO DISMISS COMPLAINT FILED ON |
| | ) | JANUARY 5, 2012 WITHOUT |
| STUART MAEDA, et al., | ) | PREJUDICE TO REFILING; AND |
| | ) | (2) GRANTING PLAINTIFF LEAVE |
| Defendants. | ) | TO FILE FIRST AMENDED |
| | ) | COMPLAINT BY SEPTEMBER 10, |
| | ) | 2012, AND TO SERVE DEFENDANT |
| _____ | ) | LISA TONG BY OCTOBER 8, 2012 |

**AMENDED ORDER (1) DENYING DEFENDANT LISA TONG'S MOTION TO DISMISS COMPLAINT FILED ON JANUARY 5, 2012 WITHOUT PREJUDICE TO REFILING; AND (2) GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT BY SEPTEMBER 10, 2012, AND TO SERVE DEFENDANT LISA TONG BY OCTOBER 8, 2012**

**I. INTRODUCTION**

On December 27, 2011, Plaintiff Herbert J. Namohala ("Plaintiff"), proceeding pro se, filed a Complaint asserting that various Defendants[1] violated his First and Fourteenth Amendment rights by engaging in a conspiracy to wrongfully accuse and ultimately charge Plaintiff with felony second degree theft. In a March

---

[1] Defendants include Stuart Maeda; Mitsuya Maeda; the Hawaii County Police Department ("HCPD"); HCPD Officers Randall Medeiros, Reed Mahuna, and Wendell Carter; HCPD Chief Harry Kubojiri; Hawaii County; the State of Hawaii; the Office of Consumer Protection, Department of Commerce and Consumer Affairs (the "DCCA"); DCCA employee Lisa P. Tong; and Hawaii Child Protective Services (the "CPS").

23, 2012 Order, the court dismissed Plaintiff's claims against the State of Hawaii, the CPS, and the DCCA, and limited Plaintiff's claims against DCCA employee Lisa Tong ("Tong") to a damages claim against her in her individual capacity and/or a claim seeking injunctive relief. Doc. No. 36.

Currently before the court is Tong's Motion to Dismiss, in which she argues, among other things,[2] that the claims against her should be dismissed because Plaintiff failed to serve her within 120 days as required by Federal Rule of Civil Procedure 4(m). Plaintiff filed an Opposition on August 6, 2012, and Tong filed a Reply on August 8, 2012. A hearing was held on August 27, 2012. Based on the following, the court DENIES Tong's Motion to Dismiss without prejudice, and GRANTS Plaintiff leave to file his March 29, 2012 proposed First Amended Complaint ("FAC") with the court by September 10, 2012 and then serve a copy of the filed FAC on Tong by October 8, 2012.[3]

---

[2] Tong further argues that the Complaint fails to state a plausible claim upon which relief can be granted. Because as explained below the court grants Plaintiff leave to file his proposed FAC and also to serve Tong, the court deems these arguments premature. Tong may raise such arguments if and when Plaintiff serves on Tong the FAC (after it is first filed with the court).

[3] This Amended Order is substantively the same as the Order filed on August 27, 2012, except that it corrects a typographical error in the title. The Title of the August 27, 2012 Order stated that Plaintiff was granted leave to file his FAC and serve Tong by September 10, 2012. As stated in both the Order and Amended Order, Plaintiff must filed his FAC with the court by September 10, 2012 and serve a copy of the filed FAC on Tong by October 8, 2012.

## II. DISCUSSION

Tong's argument appears simple enough -- she argues that Plaintiff has not served her the Complaint such that the claims against her should be dismissed. Complicating this matter, however, is a somewhat odd procedural history which suggests that Plaintiff is confused regarding how to properly file and serve pleadings in this action. The court therefore first outlines the procedural history of this action to explain why Plaintiff has failed to properly serve Tong, and then addresses Tong's Rule 4(m) argument.

### A. The Complaint Is the Operative Pleading, Which Plaintiff Has Failed to Serve on Tong

Plaintiff filed his Complaint on December 27, 2011, and never served it on Tong.

On March 29, 2012, Plaintiff filed a Motion to file a FAC, which attached as an exhibit his proposed FAC. Doc. No. 37. On May 16, 2012, Magistrate Judge Kevin S.C. Chang granted Plaintiff's Motion to file the proposed FAC, directing Plaintiff to file the proposed FAC within one week, *i.e.*, May 23, 2012. Doc. No. 46. Despite these instructions for Plaintiff to file the proposed FAC by May 23, 2012 and Plaintiff's assertions at the August 27, 2012 hearing

that he mailed his FAC to the court and all parties, the court never received his FAC for filing.[4]

Plaintiff was notified of his failure to file his proposed FAC with the court when he sought an enlargement of time to serve the FAC upon Tong. In denying this Motion on June 1, 2012, Magistrate Judge Chang explained that Plaintiff had failed to file the proposed FAC with the court such that Plaintiff needed to serve the Complaint on Tong:

> First, the Court already directed Plaintiff to file his First Amended Complaint by May 23, 2012. Doc. No. 46. Insofar as Plaintiff presented his proposed First Amended Complaint in connection with his motion to file his first amended rights complaint, there is no reason for a delay in filing the First Amended Complaint. Second, other than his representation that he has been attempting but is unable to find a process server to effect service on Defendant Tong, Plaintiff has not offered a compelling basis for an extension of time to serve Defendant Tong. Notably, Plaintiff has yet to provide the Court with proof that Defendant Tong was served with the original Complaint. Therefore, based on the current record, the Court cannot ascertain what service deadline applies to Defendant Tong. For these reasons, the Court DENIES the Motion.

---

[4] At the August 27, 2012 hearing, counsel for Defendants represented that they did not receive the FAC from Plaintiff. Plaintiff might have thought that his proposed FAC had been filed with the court and served on the parties because it was attached as a *proposed* FAC to his Motion to file a proposed FAC. Plaintiff, however, was required to file the FAC *separately*, after leave was granted to file it. Because he did not file the FAC, the operative pleading remains the original Complaint filed on December 27, 2011.

Doc. No. 48.

Tong's June 8, 2012 Motion to Dismiss followed. In Opposition, Plaintiff served his proposed FAC (which he never filed with the court) on Tong on July 31, 2012, Doc. No. 53, and filed his Opposition on August 6, 2012. Doc. No. 56.

Given that Plaintiff served his proposed FAC on Tong, the court can only conclude that Plaintiff, who is proceeding pro se, still does not understand that he must actually file his proposed FAC with the court for it to become the operative pleading in this action. Only after Plaintiff files his proposed FAC with the court can he then serve such pleading on Tong. In other words, there is currently no FAC against Defendants. As a result, Plaintiff's service of the proposed FAC on Tong was insufficient -- Plaintiff needed to serve Tong a summons and a copy of the operative pleading in this action, which as of right now is the Complaint. *See* Fed. R. Civ. P. 4(c). Tong has not been properly served in this action.

**B.     Tong's Rule 4(m) Argument**

Because Tong was never served with the original Complaint or a valid FAC, she argues that the claims against her should be dismissed for failure to comply with Rule 4(m).

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Pursuant to its plain language, "Rule 4(m) does not tie the hands of the district court after the 120-day period has expired, [but rather] explicitly permits a district court to grant an extension of time to serve the complaint *after* period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996) (concluding that "the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance")).

In determining whether to extend the 120-day period, the court must engage in a two-step analysis. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of

a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)); *see also Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) (explaining that a dismissal without prejudice may prejudice a plaintiff where the statute of limitations would bar re-filing the action).

Applying this framework, Plaintiff offers only conclusory assertions that he had difficulty finding Tong and that Tong may have been avoiding service. Doc. No. 56, Pl.'s Opp'n at 1. Because Plaintiff offers no facts explaining his attempts to serve Tong and why they were unsuccessful, he has failed to establish good cause for his failure to serve Tong within the 120-day window.

The court finds, however, that Plaintiff should be granted an extension of time in which to serve Tong. At least some, if not all, of the events forming the basis of Plaintiff's Complaint occurred more than three years ago such that Plaintiff's claims would likely be time-barred if he was forced to re-file his action against Tong. *See Dusenberry v. Cnty. of Kauai*, 2007 WL 3022243, at *3 (D. Haw. Oct. 12, 2007) ("The Hawaii Supreme Court has determined that the applicable statute of limitations for claims brought under § 1983 is two years pursuant to Hawaii Revised Statute ("HRS") § 657-7." (citing *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992)). Further, Tong does not

7

argue that the delay in service has prejudiced her in any manner and she has actual notice of the action.  Finally, Plaintiff is proceeding pro se and has claimed confusion regarding the filing of the FAC with the court and proper service -- Plaintiff failed to file his proposed FAC with the court despite being granted leave to do so, served his proposed FAC on Tong rather than the Complaint, and asserted at the August 27 hearing that he had mailed the FAC to the court and all parties even though neither the court nor any Defendant received it.  Considering all these factors together, the court believes that it is in the interests of justice to allow Plaintiff one more opportunity to properly serve Tong.  The court therefore DENIES Tong's Motion to Dismiss pursuant to Rule 4(m) without prejudice.

### III.  CONCLUSION

Based on the above, the court DENIES Tong's Motion to Dismiss pursuant to Rule 4(m) without prejudice.

The court further GRANTS Plaintiff leave to file his proposed FAC with the court and then serve it on Tong.  Specifically, Plaintiff is granted until September 10, 2012 to file his proposed FAC with the court.  Plaintiff must file the proposed FAC that he submitted with his March 29, 2012 Motion to file a FAC.  In other words, Plaintiff may not make any changes to his proposed FAC before filing

8

it. Plaintiff should submit at least three (3) copies of his FAC to the court so that the Clerk's Office will return to Plaintiff at least one copy of his file-stamped FAC.

By October 8, 2012, Plaintiff must then serve this file-stamped FAC upon Tong. If Plaintiff fails to file a returned executed summons as to Tong by October 15, 2012, the court will issue an Order for Plaintiff to Show Cause why this action should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 28, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Namohala v. Maeda et al.*, Civ. No. 11-00786 JMS/KSC; Amended Order (1) Denying Defendant Lisa Tong's Motion to Dismiss Complaint Filed on January 5, 2012 Without Prejudice to Refiling; and (2) Granting Plaintiff Leave to File First Amended Complaint by September 10, 2012, and to Serve Defendant Lisa Tong by October 8, 2012