IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT J. NAMOHALA, | ) | CIV. NO.  11-00786 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | LISA TONG'S MOTION TO DISMISS |
| vs. | ) | FIRST AMENDED COMPLAINT |
| | ) | FILED ON AUGUST 31, 2012, WITH |
| STUART MAEDA, et al., | ) | LEAVE TO AMEND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT LISA TONG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED ON AUGUST 31, 2012, WITH LEAVE TO AMEND

## I.  INTRODUCTION

Plaintiff Herbert J. Namohala ("Plaintiff"), proceeding pro se, asserts

that various Defendants[1] violated his First and Fourteenth Amendment rights by

engaging in a conspiracy to wrongfully accuse and ultimately charge Plaintiff with

felony second degree theft.  In a March 23, 2012 Order, the court dismissed

Plaintiff's claims against the State of Hawaii, the CPS, and the DCCA, and limited

Plaintiff's claims against DCCA employee Lisa Tong ("Tong") to a damages claim

---

[1]  Defendants include Stuart Maeda; Mitsuya Maeda; the Hawaii County Police Department ("HCPD"); HCPD Officers Randall Medeiros, Reed Mahuna, and Wendell Carter; HCPD Chief Harry Kubojiri; Hawaii County; the State of Hawaii; the Office of Consumer Protection, Department of Commerce and Consumer Affairs (the "DCCA"); DCCA employee Lisa P. Tong; and Hawaii Child Protective Services (the "CPS").

against her in her individual capacity and/or a claim seeking injunctive relief.  Doc. No. 36.

Currently before the court is Defendant Lisa Tong's Motion to Dismiss Plaintiff's First Amended Complaint against her on the basis that it fails to state a cognizable claim against her.  Based on the following, the court GRANTS the Motion to Dismiss, with leave for Plaintiff to file a Second Amended Complaint.

## II.  <u>BACKGROUND</u>

### A.    **Factual Background**

As alleged in the First Amended Complaint ("FAC"), on March 5, 2009, Mitsuya Maeda hired Plaintiff to clean the windows and replace window and door screens in her home for $3,900.  Doc. No. 70, FAC ¶ 9.  Plaintiff had nearly completed the work when Stuart Maeda, Mitsuya Maeda's son, demanded that Plaintiff stop all work and refund Mitsuya Maeda's money.  *Id.* ¶ 10.  After Plaintiff refused, Stuart Maeda threatened that he would file a lawsuit and use his government connections (Stuart Maeda works at CPS) to "make sure that his complaint would 'get out everywhere including the media.'"  *Id.*

On June 22, 2010, Plaintiff was summoned to the Hawaii County police station, where he was interviewed by Officer Carter.  Officer Carter

explained that he had enough evidence from Mitsuya and Stuart Maeda to place Plaintiff under arrest for felony second degree theft.  *Id.* ¶ 11.  According to Plaintiff, there was no evidence to charge Plaintiff with a crime and Officer Carter had "every intention to arrest Plaintiff no matter what was said or what documents were provided."  *Id.*  Officers Medeiros and Mahuna were also aware of Plaintiff's arrest and "condoned it even though there was not [sic] facts to support Plaintiff being arrested."  *Id.* ¶ 12.  Plaintiff asserts that his arrest for a crime he did not commit is a conspiracy between Stuart and Mitsuya Maeda; Officers Carter, Medeiros, and Mahuna; and Tong.  *Id.* ¶ 13.

> As to Tong in particular, the FAC asserts that she:
>
> was employed with the [DCCA], and all times relevant, used her position to act in a conspiratorially [sic] with the above Defendants to violate [sic] by falsely accusing Plaintiff of a crime that he did not commit.  At all times relevant, had [sic] the authority to stop the deliberate violation of Plaintiff's constitutional rights but refused to do so, wherein said Defendant's malicious intent to violate Plaintiff's constitutional rights, and acted in a conspiratorially [sic] with other named defendants within this cause of action.

*Id.* ¶ 8.  The FAC further asserts that Tong "was charging Plaintiff with not providing a written notice which was untrue.  Such actions were nothing more than [Tong] to violate Plaintiff's right in falsely accusing him of a crime and/or

3

violation that Plaintiff never committed.  This was in conjunction with Plaintiff being falsely charged with a crime." *Id.* ¶ 15.

Finally, the FAC asserts that as a result of Defendants' various actions, the Tribune Herald released information regarding Plaintiff's arrest, which was "slanderous, malicious and defamatory[,] casting negative aspersions upon Plaintiff by the detectives of the [HCPD]." *Id.* ¶ 16.

The FAC seeks "injunctive relief that prohibits each Defendant, their superiors and/or subordinates and/or other employees from retaliating against the Plaintiff for exercising his constitutional rights," as well as compensatory and punitive damages.  *Id.*, Prayer for Relief.

**B.    Procedural Background**

On December 27, 2011, Plaintiff filed this action.  In a March 23, 2012 Order, the court dismissed Plaintiff's claims against the State of Hawaii, the CPS, and the DCCA, and limited Plaintiff's claims against Tong to a damages claim against her in her individual capacity and/or a claim seeking injunctive relief.  Doc. No. 36.

On June 8, 2012, Tong filed a Motion to Dismiss the Complaint for failure to serve.  Because Plaintiff's filings showed some confusion as to whether he had filed and served his FAC (he had not), on August 29, 2012, the court denied

4

the Motion to Dismiss without prejudice and granted Plaintiff leave to file his

FAC.  Plaintiff filed his FAC on August 31, 2012.  Doc. No. 70.

On September 20, 2012, Tong filed the present Motion to Dismiss the

FAC.  Doc. No. 75.  Pursuant to an Entering Order filed that same day, the court

set Tong's Motion to Dismiss for hearing on November 19, 2012 at 10:00 a.m., and

notified Plaintiff that his Opposition was due by October 29, 2012.  *See* Doc. No.

76.  Prior to the hearing, the court (and opposing counsel) received no Opposition

from Plaintiff.  At the November 19, 2012 hearing, however, Plaintiff asserted that

he had mailed his Opposition to the court and each Defendant in this action.[2]

Plaintiffs subsequently filed his Opposition on November 20, 2012.  Doc. No. 82.

### III.  <u>STANDARDS OF REVIEW</u>

### A.     **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

---

[2]   As a result of Plaintiff's failure to file an Opposition and his representations at the November 19, 2012 hearing, the court ordered Plaintiff to show cause and explain his actions and the steps he will take in the future to ensure that his filings are properly filed and served (the "Order to Show Cause").  Doc. No. 78.  Plaintiff responded on November 28, 2012, explaining that he will no longer use the mail services previously used.  Doc. No. 83.  The court WITHDRAWS the Order to Show Cause.  The court cautions Plaintiff, however, that he is expected to follow all rules of this court and will be held accountable for any continued failure to follow such rules.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and

6

continued litigation." *Starr*, 652 F.3d at 1216.  Factual allegations that only permit

the court to infer "the mere possibility of misconduct" do not show that the pleader

is entitled to relief as required by Rule 8.  *Iqbal*, 556 U.S. at 679.

**B.     Rule 8**

A complaint must also meet the requirements of Federal Rule of Civil

Procedure 8, mandating that a complaint include a "short and plain statement of the

claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise,

and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "true

substance, if any, is well disguised" may be dismissed *sua sponte* for failure to

satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th

Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.

1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet

without simplicity, conciseness and clarity as to whom plaintiffs are suing for what

wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to

comply with Rule 8 where the complaint fails to provide defendants with fair

notice of the wrongs they have allegedly committed.  *See McHenry*, 84 F.3d at

1178-80 (affirming dismissal of complaint where "one cannot determine from the

complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 129 S. Ct. at 1949 (citations and quotations omitted).

## C.    Pro se Pleadings

Plaintiff is appearing *pro se*; consequently, this court will liberally construe his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).)).  A court's duty to read a *pro se* litigant's complaint liberally, however, does not relieve the court of its duty to determine whether the complaint meets the requirements of Rule 12(b)(6).

///

///

## IV.  <u>DISCUSSION</u>

The FAC generally asserts that Defendants engaged in a conspiracy to violate Plaintiff's First Amendment rights and Fourteenth Amendment due process and equal protection rights.  Tong argues that the FAC fails to state a cognizable claim against her.  Based on the following, the court agrees.

The FAC fails to include any particular factual allegations whatsoever as to Tong that would provide a basis for any claim against her.  Instead, the FAC includes only generalized allegations of wrongdoing by Tong, including that she (1) "used her position to act in a conspiratorially [sic] with the above Defendants to violate [sic] by falsely accusing Plaintiff of a crime that he did not commit;" Doc. No. 70, FAC ¶ 8; (2) refused to stop a "deliberate violation of Plaintiff's constitutional rights," *id.*; (3) "acted in a conspiratorially [sic] with other named defendants within this cause of action," *id.*; and (4) charged "Plaintiff with not providing a written notice which was untrue."  *Id.* ¶ 15.  These allegations leave unanswered what it is that Tong allegedly did that is the basis of Plaintiff's claims against her, much less any explanation of how those actions form a cognizable claim.  As a result, these allegations are insufficient to state a claim for relief that is plausible on its face, *Starr*, 652 F.3d at 1216, and certainly fail to provide Tong with fair notice of the claims against her.  *See McHenry*, 84 F.3d at 1178-80.

9

In opposition, Plaintiff argues that Tong engaged in a conspiracy with the other Defendants when she sent a letter to Plaintiff accusing him of violating Hawaii Revised Statutes ("HRS") § 481C by failing to provide Mitsuya Maeda a sales receipt and/or oral and written notice of her right to cancel the transaction. *See* Doc. No. 82 , Pl.'s Opp'n Ex. 1.  Tong's letter states that it serves as a warning and that Plaintiff must correct and/or cease these practices.  *Id.*  This letter does not correct the FAC's deficiencies.

As an initial matter, these allegations are not included in the FAC and therefore cannot be used to fix the deficiencies in the FAC.  Further, even if the FAC included these facts, they would not establish that Tong engaged in any conspiracy to deprive Plaintiff of his constitutional rights -- this letter establishes that Tong merely gave Plaintiff a warning and suggests no involvement with the criminal charges that were brought against Plaintiff.  In other words, the fact that Tong sent a warning letter to Plaintiff, standing alone, does not establish a violation of Plaintiff's constitutional rights, much less a conspiracy to violate Plaintiff's constitutional rights.

In sum, because the FAC fails to comply with Rules 8 and 12(b)(6), the court GRANTS Tong's Motion to Dismiss the FAC against her.

10

## V.  <u>LEAVE TO AMEND</u>

When dismissing the complaints of *pro se* litigants, the court abides by the principle that *pro se* litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," "[u]nless it is absolutely clear that no amendment can cure the [complaint's] defect[s]."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

The court recognizes that Tong has already brought two Motions to Dismiss, and Plaintiff's Opposition failed to offer facts that would assert a cognizable claim against Tong.  With that said, however, the court cannot at this time say that it is absolutely clear that no amendment can cure the FAC's defects as to Tong.  Thus, if Plaintiff believes that he can assert a cognizable claim against Tong, the court will grant Plaintiff one more opportunity to amend his claims against Tong.

By December 21, 2012, Plaintiff may file a Second Amended Complaint that complies with Rule 8's requirement of "simple, concise, and direct" allegations stating clearly how each Defendant has injured him.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.

Plaintiff is further notified that a Second Amended Complaint supersedes all previously-filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the Complaint and FAC as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, if Plaintiff chooses to file an Second Amended Complaint, he must assert his claims against all Defendants. Alternatively, if Plaintiff chooses not to file a Second Amended Complaint, his claims against the other Defendants in the FAC will remain.

## VI.  <u>CONCLUSION</u>

Based on the above, the court GRANTS Tong's Motion to Dismiss the FAC. Plaintiff's claims in the FAC as to the other Defendants remain. If Plaintiff chooses, he may file a Second Amended Complaint correcting the deficiencies outlined in this Order as to Tong and stating a claim against all Defendants by December 21, 2012. To be clear, and in light of Plaintiff's failure to comply with court rules in the past, if Plaintiff fails to file a Second Amended

///

///

///

///

Complaint by December 21, 2012, this action shall proceed against the other

Defendants and not Tong.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Namohala v. Maeda et al.*, Civ. No. 11-00786 JMS/KSC; Order Granting Defendant Lisa Tong's Motion to Dismiss First Amended Complaint Filed on August 31, 2012, with Leave to Amend