IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT J. NAMOHALA, | ) | CIV. NO.  11-00786 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | LISA TONG'S MOTION TO DISMISS |
| vs. | ) | SECOND AMENDED CIVIL RIGHTS |
| | ) | COMPLAINT FILED ON JANUARY |
| STUART MAEDA, et al., | ) | 10, 2013, WITHOUT LEAVE TO |
| | ) | AMEND |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT LISA TONG'S MOTION TO DISMISS SECOND AMENDED CIVIL RIGHTS COMPLAINT FILED ON JANUARY 10, 2013, WITHOUT LEAVE TO AMEND

## I.  INTRODUCTION

Plaintiff Herbert J. Namohala ("Plaintiff"), proceeding pro se, asserts that various Defendants[1] violated his First and Fourteenth Amendment rights by engaging in a conspiracy to wrongfully accuse and ultimately charge Plaintiff with felony second degree theft.  Currently before the court is DCCA employee Lisa Tong's ("Tong") Motion to Dismiss Plaintiff's Second Amended Complaint

---

[1]  Defendants include Stuart Maeda; Mitsuya Maeda; the Hawaii County Police Department ("HCPD"); HCPD Officers Randall Medeiros, Reed Mahuna, and Wendell Carter; HCPD Chief Harry Kubojiri; Hawaii County; the State of Hawaii; the Office of Consumer Protection, Department of Commerce and Consumer Affairs (the "DCCA"); DCCA employee Lisa P. Tong; and Hawaii Child Protective Services (the "CPS").

("SAC"), arguing that the SAC fails to allege a plausible claim against her.  In response, Plaintiff has continued his practice in this action of failing to respond to Motions and then pleading ignorance and requesting additional time from the court.  Even though the court granted Plaintiff's request for additional time to respond (delaying this action), Plaintiff again failed to respond.  As a result, the court GRANTS Tong's Motion to Dismiss on two bases -- as a sanction for Plaintiff's repeated failures to participate in this action, and for failure to state a plausible claim for relief.[2]  This dismissal is without leave to amend.

## II.  BACKGROUND

As the court has outlined in previous Orders, over the course of this action, Plaintiff has repeatedly failed to meet his litigation obligations, and his behavior has only escalated over time.

For example, in response to two initial rounds of Motions to Dismiss, Plaintiff failed to timely file Oppositions and instead mailed in his Oppositions days after the deadlines without leave of court.  *See, e.g.*, Doc. Nos. 35, 56.  Then, in response to Tong's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), Plaintiff filed no Opposition whatsoever prior to the hearing.  He instead

---

[2]  Pursuant to Local Rule 7.2(d), the court determines Tong's Motion to Dismiss the SAC without a hearing.

asserted (quite incredibly) that his Opposition, allegedly sent to three separate sets of counsel and the court, must have gotten lost in the mail.  *See* Doc. No. 78.  As a result, the court issued a November 19, 2012 Order to Show Cause ("November 19, 2012 OSC"), requiring Plaintiff to explain how he will comply with his litigation obligations, and warning Plaintiff that failure to respond would result in dismissal of his claims as to Tong.  *Id.*  Plaintiff ultimately responded to the November 19, 2012 OSC, and on November 30, 2012, the court granted Tong's Motion to Dismiss, with leave for Plaintiff to amend.  Doc. No. 88.

After Plaintiff filed his SAC, Tong filed a Motion to Dismiss on January 18, 2013.  *See* Doc. No. 97.  Plaintiff failed to file an Opposition, and failed to appear at the April 15, 2013 hearing, despite being notified of both these dates -- the court outlined these dates in a January 22, 2013 Entering Order, which was served on Plaintiff via first class mail at his address of record.  As a result, the court issued its April 15, 2013 Order Requiring Plaintiff to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute ("April 15, 2013 OSC").

In response, Plaintiff asserted, among other things, that (1) he wishes to proceed in this action; and (2) he was not notified of his Opposition deadline or the April 15, 2013 hearing on the Motion to Dismiss, despite the court having his

correct address.  In light of Plaintiff's assertions, the court vacated the April 15, 2013 OSC, but expressly warned Plaintiff:

> [T]hese recent events should serve as an express, *final* warning to Plaintiff that he cannot continue to litigate this action in this fashion -- Plaintiff is expected to timely respond to Motions filed in this action, appear at hearings whether in person or telephonically (if permission to appear telephonically is granted in advance), and participate in discovery.  If Plaintiff continues to flout his obligations in this action, this action will be dismissed for failure to prosecute.

Doc. No. 121, at 4.  The court further granted Plaintiff leave to file an Opposition to Tong's Motion to Dismiss the SAC by May 6, 2013.  Doc. No. 120.  Plaintiff (again) failed to file any Opposition.

## III.  ANALYSIS

Based on the following, the court finds that the claims against Tong should be dismissed as both a sanction against Plaintiff for his continued failure to follow the court's rules and deadlines, as well as for failure to state a plausible claim for relief.

### A.    Dismissal as a Sanction

Federal Rule of Civil Procedure 41(b) allows the court to dismiss a claim for failure "to prosecute or to comply with [the federal] rules or a court order," and such dismissal may be with or without prejudice.  *See also Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The Local Rules also authorize the imposition of sanctions, including, if appropriate, dismissal, when a party fails to comply with any of its provisions. *See* Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction."). Indeed, "[d]istrict courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).

To determine whether dismissal is warranted, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Consideration of these factors weighs in favor of dismissal of Plaintiff's claims against Tong. First, the public's interest in expeditious resolution of litigation strongly favors dismissal of Tong -- Plaintiff has repeatedly failed to

5

participate in court proceedings and delayed adjudication of Plaintiff's claims against Tong.  Second, Plaintiff's refusal to participate interferes with the court's ability to manage its docket -- Plaintiff's actions wasted the court's time in preparing for hearings that Plaintiff never attended and placed the efficient adjudication of this action in jeopardy.  Third, Plaintiff's actions have impaired Tong's ability to proceed to trial -- like the court, Tong was placed placed in a position of not knowing when and/or whether the claims against her would proceed.  Fourth, given all these circumstances -- including Plaintiff's numerous failures to meet court deadlines and the court's explicit warnings to Plaintiff -- the court finds that less drastic alternatives are not possible.  Finally, although public policy favors disposition of cases on their merits, such consideration does not outweigh the other factors.

The court therefore finds that the appropriate sanction is dismissal of Plaintiff's claims against Tong.

## B.      Rule 12(b)(6)

Even if the court did not dismiss the claims against Tong as a sanction against Plaintiff, the court finds that dismissal is still warranted pursuant to Rule 12(b)(6).

### 1.     *Rule 12(b)(6) Standard*

Plaintiff is appearing *pro se*; consequently, this court will liberally construe his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).)).  A court's duty to read a *pro se* litigant's complaint liberally, however, does not relieve the court of its duty to determine whether the complaint meets the requirements of Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

### 2. *Application*

Like the FAC -- which the court dismissed for failure to comply with Rule 12(b)(6) -- the SAC generally asserts that Defendants engaged in a conspiracy to violate Plaintiff's First Amendment rights and Fourteenth Amendment due process and equal protection rights when Plaintiff was charged with felony second degree theft in relation to some work he performed on Mitsuya Maeda's home. *See*

8

Doc. No. 94, SAC ¶¶ 9-11.  Like the FAC, the SAC asserts that "[t]he arresting of

Plaintiff and falsely charging him with a crime that he did not commit was a

conspiratorial act" by various Defendants including Tong.  *Id.*

¶ 14.  Like the FAC, the SAC also asserts that Tong "was charging Plaintiff with

not providing a written notice which was untrue."  *Id.* ¶ 16.

As the court explained in its November 30, 2012 Order dismissing the

FAC, these basic allegations fail to state a plausible claim for relief:

> The FAC fails to include any particular factual
> allegations whatsoever as to Tong that would provide a
> basis for any claim against her. . . .  These allegations
> leave unanswered what it is that Tong allegedly did that
> is the basis of Plaintiff's claims against her, much less
> any explanation of how those actions form a cognizable
> claim.  As a result, these allegations are insufficient to
> state a claim for relief that is plausible on its face, *Starr*,
> 652 F.3d at 1216, and certainly fail to provide Tong with
> fair notice of the claims against her.  *See* [*McHenry v.
> Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996)].

Doc. No. 88, November 30, 2012 Order at 9.

The only new allegation in the SAC as to Tong is the following

paragraph:

> Defendant Tong stated in her letter to Plaintiff that:
> "Our investigation indicates that you acted in violation of
> Haw. Rev. Stat. Sec. 481C....Mrs. Maeda was not given a
> sales receipt and was not given the opportunity to cancel
> the transaction as required by our state law."  This so
> called fabricated investigation was never conducted since

Plaintiff was never contacted to request the receipt that
he gave Defendant Mitzie, nor was Plaintiff ever asked if
he provided Defendant Maeda with notification of her
right to cancel the transaction.  Plaintiff was never
provided any form of due process in this investigation
prior to being accused of violations of Hawaii Rev.
Statute.  Nor did Defendant Tong conduct a factual
investigation into any complaint filed by Defendant
Mitzie.  Defendant Tong's actions were arbitrary and
unreasonable in that Defendant Tong's actions were to
act in conjunction with Defendant Maeda and Defendant
Mitzie harassment [sic] of Plaintiff.  Defendant Tong
conduct [sic] in falsely accusing Plaintiff in violation of
Hawaii Rev. Statute was a conspiratorial act with
Defendant Mitzie and Maeda to falsely charge Plaintiff
with an act that was never committed by Plaintiff.

Doc. No. 94, SAC ¶ 17.

These additional allegations in the SAC fail to plausibly allege that

Tong deprived Plaintiff of his constitutional rights or engaged in any conspiracy.

Although the SAC alleges that Tong notified Plaintiff that the DCCA had

concluded that Plaintiff had violated Hawaii Revised Statutes § 481C, the SAC

includes no allegations suggesting that any consequences flowed from such

determination.[3]  And the SAC still fails to include any allegations linking Tong to

Plaintiff's arrest or any alleged conspiracy among the other Defendants.  Thus, the

---

[3]  Indeed, Plaintiff previously submitted Tong's letter in support of his Opposition to
Tong's Motion to Dismiss the FAC.  The letter states that it serves as a warning and that Plaintiff
must correct and/or cease these practices.  It suggests no penalty or other consequence of the
DCCA's investigation.  *See* Doc. No. 82 , Pl.'s Opp'n Ex. 1.

10

fact that Tong found that Plaintiff violated § 481C, standing alone, does not establish a violation of Plaintiff's constitutional rights, much less a conspiracy to violate Plaintiff's constitutional rights.  The court therefore GRANTS Tong's Motion to Dismiss the SAC against her.

When dismissing the complaints of *pro se* litigants, the court abides by the principle that *pro se* litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," "[u]nless it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Tong has now filed multiple Motions to Dismiss.  Further, the November 30, 2012 Order explained to Plaintiff that he must include more allegations beyond Tong's warning letter to assert a plausible claim for relief.  Despite this notice and opportunity to correct this deficiency, Plaintiff failed to adequately address it.  As a result, the court finds that granting leave to amend would be futile.

///

///

///

///

11

## IV.  CONCLUSION

Based on the above, the court GRANTS Tong's Motion to Dismiss

Plaintiff's Second Amended Complaint, without leave for Plaintiff to amend.

Plaintiff's claims against the other Defendants remain.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 22, 2013.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Namohala v. Maeda et al.*, Civ. No. 11-00786 JMS/KSC; Order Granting Defendant Lisa Tong's Motion to Dismiss Second Amended Civil Rights Complaint Filed on January 10, 2013, Without Leave to Amend