IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HERBERT J. NAMOHALA, | ) CIVIL NO. 11-00786 JMS-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANTS SATORU STEWART |
| | ) MAEDA AND MITSUYO MAEDA'S |
| STUART MAEDA, et al., | ) MOTION FOR ATTORNEYS' FEES |
| | ) AND COSTS |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANTS SATORU STEWART MAEDA AND MITSUYO
MAEDA'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendants Satoru Stewart Maeda and Mitsuyo Maeda's (collectively "Defendants") Motion for Attorneys' Fees and Costs ("Motion"), filed February 26, 2014. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing Defendants' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED for the reasons set forth below.

BACKGROUND

Insofar as the Court and the parties are

familiar with the history of this case, the Court includes only those facts relevant to the disposition of the instant Motion.

On December 27, 2011, Plaintiff Herbert Namohala ("Plaintiff") commenced the instant action. On August 31, 2012, Plaintiff filed a First Amended Complaint. On January 9, 2013, Plaintiff filed a Second Amended Complaint ("SAC"), alleging that Defendants engaged in a conspiracy to wrongfully accuse and ultimately charge Plaintiff with felony second degree theft stemming from an agreement that Plaintiff was to replace Defendant Mitsuyo's window screens for $3,900.00. Plaintiff alleged violations of his First, Fourth, and Fifth Amendment, equal protection, and due process rights. He also asserted state law claims for defamation, slander, and libel.

On February 11, 2014, U.S. District Judge J. Michael Seabright issued an Order Simultaneously (1) Dismissing Action as a Sanction Against Plaintiff; and (2) Granting Motions for Summary Judgment Brought by (A) Defendants Randall Medeiros, Reed Mahuna, Wendell

Carter, Harry Kobojiri, and County of Hawaii, Doc. No. 136, and (B) Defendants Satoru Stewart Maeda and Mitsuyo Maeda, Doc. No. 138; and (3) Denying Without Prejudice Defendants Satoru Stewart Maeda and Mitsuyo Maeda's Request for Attorneys' Fees, Doc. No. 138 ("Dismissal/SJ Order"). Doc. No. 162. Judge Seabright dismissed the action as a sanction for Plaintiff's failure to meet deadlines, failure to comply with Court orders, failure to produce discovery, and failure to pay sanctions. Alternatively, Judge Seabright concluded that Plaintiff failed to establish genuine issues of material fact in support of any of his claims. Judge Seabright specifically held that 1) Plaintiff failed to establish a basis for his constitutional claims against Defendants because Defendants are private citizens and not government actors; 2) no false statement was made to support a claim for defamation, slander or libel; and 3) there was no evidence of any conspiracy between Defendants or harassment of Plaintiff. Dismissal/SJ Order at 13-20.

The Clerk entered judgment on February 12, 2014.  The present Motion followed.

DISCUSSION

Defendants argue that they are entitled to an award of attorneys' fees and costs under 42 U.S.C. § 1988 as the prevailing party in this action because Plaintiff's action was frivolous, unreasonable, and without foundation.

A.   Attorneys' Fees

Section 1988 provides, in pertinent part:  "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000).

Prevailing defendants "may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" Braunstein v. Ariz. Dept. of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011)); Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1302 (9th Cir. 2011) (award of attorneys' fees to a prevailing defendant requires a finding that the action was unreasonable, frivolous, meritless, or vexatious). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003); see also Galen v. Cnty. of L.A., 477 F.3d 652, 666 (9th Cir. 2007). An unsuccessful § 1983 claim is without merit only if it is "groundless or without foundation." Gibson v. Office of Atty. Gen., State of Cal., 561 F.3d 920, 929 (9th Cir. 2009). This strict standard serves to uphold "Congress' policy of promoting vigorous prosecution of civil rights violations under . . . § 1983." Miller v.

L.A. Cnty. Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987) (citations omitted).  The Supreme Court has cautioned that in applying this standard, "it is important that the district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-22 (1978) (Title VII case).

In the present case, there is no question that Defendants are the prevailing parties.  Judge Seabright dismissed the action and alternatively granted summary judgment in their favor.  However, "[a]lthough a defendant has prevailed in a civil rights case and a plaintiff has not met its prima facie burden, it does not necessarily follow that attorney's fees should be awarded to the defendant."  Berry v. E.I. Dupont de Nemours and Co., 635 F. Supp. 262, 266 (D. Del. 1986).  Indeed, just "[b]ecause a plaintiff has not met a *prima facie* burden and has not presented enough evidence . . .

. such failure does not lead to a finding of frivolity or groundlessness." Id.  Whether or not a plaintiff has established a prima facie case is but one factor in determining frivolity or groundlessness. Id. Other factors for the court's consideration include offers of settlement by a defendant and whether the court dismissed the case prior to trial. Id. (citing Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).

Here, the Court cannot say that Plaintiff's case was frivolous, unreasonable, or without foundation.  The mere fact that Defendants prevailed on summary judgment does not alone support an award of fees.  See, e.g., Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir. 1988) (fact that the plaintiff does not prevail is not enough to justify an award of fees to a prevailing defendant); Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1422 (9th Cir. 1988) (affirming district court's denial of attorneys' fees to prevailing defendant where summary judgment granted as to all claims); Galen, 477 F.3d 652 at 667

7

(That a plaintiff loses at summary judgment does not render his or her case per se frivolous, unreasonable, or without foundation).

Although Defendants characterize Plaintiff's claims as frivolous, unreasonable, and without foundation, they have not demonstrated that the claims rose to such a level.  See, e.g., Miller, 827 F.2d at 620 (findings of frivolousness by agencies or evidence that the suit was brought to federal court in bad faith would provide support for an award of fees to a prevailing defendant).  That Plaintiff failed to sustain his burden on a motion for summary judgment does not necessarily compel a finding of frivolousness, because had Plaintiff sustained his burden, it is unlikely that Defendants would have prevailed on summary judgment.  The Court gives substantial weight to the fact that Judge Seabright made no finding that Plaintiff's claims were frivolous, unreasonable, or without foundation.  Absent such a finding by Judge Seabright, this Court declines to recommend an award of attorneys' fees to Defendants.  See, e.g., Lundborg v.

Maui County, No. CV 09-00544 DAE KSC, 2011 WL 255733, at *2 (D. Haw. Jan. 24, 2011) (adopting recommendation to deny fees pursuant to 42 U.S.C. § 1988 based on a the absence of a finding of frivolousness and noting that "attorney's fees are not appropriate where the Court does not find that Plaintiff's action is frivolous, unreasonable, or without foundation"); Kaalakea v. Haw. Health Sys. Corp., Civil No. 07-00177 DAE-KSC, 2008 WL 4809474, at *3 (D. Haw. Nov. 4, 2008) (adopting Report of Special Master recommending denial of the prevailing defendant's motion for attorneys' fees, despite Judge Ezra's characterization of the case as one of "dubious substantive merit," because of absence of finding by Judge Ezra that the plaintiff's claims were frivolous, unreasonable, or without foundation).

This Court was not involved with the motions for summary judgment and cannot speak to the merits of Plaintiff's claims. It would be inappropriate for this Court to make a finding of frivolousness when Judge Seabright, who had the opportunity to carefully assess

the merits of the claims, did not do so. Cf. Tsun v. WDI Int'l., Inc., Civil No. 12-00051 LEK-KSC, 2013 WL 3243373, at **1-3 (D. Haw. June 26, 2013) (adopting recommendation to deny fees pursuant to HRS § 607-14.5 because the district judge made no finding of frivolousness); Furgatch v. OneWest Bank, FSB, Civil No. 11-00363 HG-KSC, 2013 WL 1856053, at *2 (D. Haw. March 11, 2013) (recommending that an award of fees pursuant to HRS § 607-14.5 be denied because no express finding of frivolousness had been made), adopted by Furgatch v. OneWest Bank, FSB, Civil No. 11-00363 HG-KSC, 2013 WL 1856033 (D. Haw. Apr. 30, 2013); Young v. Geico Indem. Co., CIV. No. 08-00171 JMS/KSC, 2009 WL 3049640, at **2-3 (D. Haw. Sept. 23, 2009) (adopting recommendation to deny fees pursuant to HRS § 607-14.5 in the absence of a written finding of frivolousness by the district judge). Accordingly, the Court recommends that Defendants' fee request be denied.

B. Costs

Defendants additionally request $1,215.55 in expenses, which is comprised of photocopies, postage,

court reporting, law clerk costs, and travel expenses. The Court recommends that the request for costs be denied.

Prevailing parties are entitled to recover taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[1]  Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorneys' fees-should be allowed to the prevailing party."). However, costs beyond those enumerated in 28 U.S.C. § 1920[2] may not be taxed.  Although copies and court

---

[1]  Defendant did not cite to or rely on this provision.

[2]  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where

reporting are taxable costs, Defendants' failure to comply with Local Rule 54.2 requires a denial of their request.  Local Rule 54.2 requires parties seeking taxable costs to set forth the grounds and authorities supporting the request; to include an affidavit that the costs are correctly stated, were necessarily incurred, and are allowable by law; and to attach as exhibits any vouchers, bills, or other documents supporting the costs being requested.  Local Rule 54.2(c).  Defense counsel represents that the expenses were reasonable and necessary, but he has not provided the legal basis for the costs, nor has he attached any invoices to support the requested costs.

---

> the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Local Rule 54.2 also includes specific standards/requirements for certain costs, such as copies:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Local Rule 54.2(f)(4).  Defendants only indicated that 1,221 copies were made at $.15 per page.  They did not provide any of the other information required by Local Rule 54.2(f)(4).  Without such information, the Court cannot ascertain whether the request is reasonable.

Defendants' other requested costs - postage, law clerk costs, and travel expenses - are non taxable expenses that fall under § 1988(b).  For the same reasons the Court recommended denial of Defendants' request for fees, the Court recommends denial of the

request for non-taxable costs.  Even if a legal basis existed to support Defendants' request for non-taxable costs, the Court would recommend denial of the request.  As with the request for taxable costs, Defendants failed to provide the necessary supporting documents for their request.[3]  Local Rule 54.3(d)(3) ("In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible.").  For these reasons, the Court recommends that Defendants' request for costs be denied.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees and Costs, filed February 26, 2014, be DENIED.

---

[3] Defendants were already given notice of their obligation to comply with Local Rule 54.3. Dismissal/SJ Order at 21.  Judge Seabright denied their previous request for fees in part because of their failure to comply with Local Rule 54.3.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 12, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

NAMOHALA V. MAEDA, ET AL.; CIVIL NO. 11-00786 JMS-KSC; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS SATORU STEWART MAEDA AND MITSUYO MAEDA'S MOTION FOR ATTORNEYS' FEES AND COSTS